McCAULEY v. STATE.

Opinion delivered September 24, 1928.

*H. W. Applegate,* Attorney General, and *Effie Combs,* Assistant, for appellee.

HART, C. J. The first assignment of error relied upon by appellant is that the court erred in refusing to excuse certain jurors for cause. We do not agree with counsel for appellant in this contention. One of the jurors in question was of the regular panel, and testified positively that, while he had heard that case discussed, the discussion was not by any person who purported to know the facts. He stated that he could disregard the opinion then formed by him and try the case solely on the law and testimony introduced at the trial. Another juror was asked if he was not a member of the chamber of commerce, the check of which the defendant was charged with raising. He answered that he did not remember whether he had a membership in his own name. He stated that, while he had read an account of the charge against the defendant in a newspaper, he did not remember anything about it, and could try the defendant solely upon the law and testimony introduced at the trial.

The testimony was legally sufficient to support the verdict. According to the evidence for the State, appellant was employed by the Pine Bluff Chamber of Commerce, and was given a check for $37.50, signed by the secretary and countersigned by the president of the organization, in payment of his salary for one-half of a month. Appellant raised this check to $75, and cashed it. Appellant admitted that he raised the check, but gave as an excuse for so doing that he was suddenly called away from town to the bedside of a sick relative, and that in the past the secretary of the chamber of commerce had made him a payment of his wages in advance. Hence we hold that this assignment of error was not well taken.

The next assignment of error is that the court erred in overruling a demurrer to the indictment. We do not deem it necessary to set out the indictment. In plain

and unmistakable language the indictment charges the appellant with the crime of forgery by raising a check given him for $37.50 by the Pine Bluff Chamber of Commerce, as a part of his salary for the month of July, 1927, to $75.

The most serious assignment of error relates to the admission of evidence. The court allowed testimony to go to the jury to the effect that, along about the same time of the transaction in question, the appellant had a shortage of $628.50 in the Pine Bluff Retail Credit Men's Association, and this shortage was due to the fact that appellant had raised checks given him by said association. There was no reversible error in the admission of this testimony. The defendant admitted raising the check in question, and sought to mitigate or excuse his action by showing that he did not intend to defraud the chamber of commerce. This court has held that evidence in a forgery case tending to prove that, about a month after the defendant cashed the check in controversy, he attempted to cash a second forged check, was competent as bearing on the question of motive or intent. *McCoy* v. *State,* 161 Ark. 658, 257 S. W. 386; and *Howard* v. *State,* 72 Ark. 586, 82 S. W. 196. As sustaining the same principle, see also *Hall* v. *State,* 161 Ark. 453, 257 S. W. 61; and *Bernhardt* v. *State,* 169 Ark. 567, 275 S. W. 909.

Therefore the judgment will be affirmed